UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARLO FAKHRI,<br>Defendant. | Cr. No. _____ 1:21CR15WES-LDA<br><br>In violation of 13 U.S.C. §§ 305(a)(1) and (a)(3); 18 U.S.C. § 554, 18 U.S.C. § 3551 et seq. and 18 U.S.C. § 981(a)(1); 21 U.S.C. § 853(p) |

## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

At all times relevant to this Indictment:

1.  Carlo Fakhri (Fakhri or "defendant"), a citizen of the United States, owned and/or controlled the following companies: Fakhri Auto Group, LLC (Fakhri Auto Group), D'Agosintos Auto Sales and Salvage, Inc. (D'AGOSTINOS), Douglas Avenue, LLC (Douglas Avenue) and Fakhry Brothers Trading and Import (Fakhry Brothers Trading). Fakhri Auto Group was incorporated in the State of New Hampshire on May 20, 2008 to buy and sell motor vehicles. Fakhri was the President of Fakhri Auto Group operating from a listed business address of 8 Birch Street, Unit 3, Derry, NH 03038. Beginning with the 2015 annual report filed with the State of Rhode Island and Providence Plantations, Office of the Secretary of State, Fakhri is listed as the Vice President of D'Agostinos whose principal business office is 1174 Douglas Avenue, North Providence, RI 02904. The filing indicated the description of the character of the business is the sale of automobiles, parts, repairs, and related business. Fakhri was the Vice President of D'Agostinos. Douglas Avenue was incorporated in the State of Rhode Island and Providence Plantations on April 9, 2015. Fakhri was the manager of Douglas

Avenue operating from 1174 Douglas Avenue, North Providence, RI 02904. Fakhry Brothers Trading is a business based in Lebanon and owned by Jean Paul Nassim Fakhry. On October 1, 2013, Fakhry executed a power of attorney (POA) providing the defendant Carlo Fakhri with the ability to do all the financial transactions, pay taxes and dues, and manage the daily affairs of the business. The POA authorizes Fakhri: to receive goods through Beirut International Airport and other ports in Lebanon and pay all required fees; to order telephone and fax lines, internet connections, and water connection and pay all required fees; to receive and register cars and motorcycles in the name of the business, and authority to drive the vehicles anywhere in Lebanon, and to deposit, withdraw, transfer money and conduct all other banking transactions related to the business.

2. Company #1, a business located in Charlotte, North Carolina whose identity is known to the grand jury, offers shipping services to include worldwide ocean freight services.

## EXPORT REGULATIONS

3. The Secretary of Commerce had the authority to collect information from persons exporting goods from the United States. 13 U.S.C. § 301, et seq. The Foreign Trade Regulations ("FTR") authorized the Secretary of Commerce, with the concurrence of the Secretary of State and the Secretary of Homeland Security, to publish regulations mandating that all persons engaged in the export of commodities file information regarding exports via the Automated Export System ("AES") for all shipments where a Shipper's Export Declaration ("SED") was previously required. 15 C.F.R. § 30.1. AES is the electronic system for collecting information from persons exporting goods from the United States.

4. The FTR further authorized the Secretary of Commerce to issue

regulations regarding the imposition of civil and criminal penalties for violations of these regulations. 15 C.F.R. § 30.1(a). The FTR declared that electronic filing through the AES strengthens the U.S. government's ability to prevent the export of certain items to unauthorized destinations and/or end users because the AES aids in targeting, identifying, and when necessary confiscating suspicious or illegal shipments prior to exportation. 15 C.F.R. § 30.1(b).

5. In addition, with respect to commodities shipped under a single commodity designation code with a value of more than $2,500, or all used self-propelled vehicles, the FTR provided that Electronic Export Information ("EEI") shall be filed through the AES by the United States Principal Party In Interest ("USPPI"), the USPPI's authorized agent (such as a freight forwarder), or the authorized U.S. agent of the Foreign Principal Party In Interest ("FPPI") for all exports of physical goods, including shipments transported pursuant to orders received over the Internet. 15 C.F.R. §§ 30.2(a)(1), 30.37(a).

6. The USPPI or its authorized agent had the responsibility to submit complete, correct information in AES based on personal knowledge of the facts or on information furnished by the parties to the export transaction. 15 C.F.R. §§ 30.3, 30.9.

Information that must be submitted in AES included, among other things, the correct name, address, identification number, and contact information of the Ultimate Consignee. 15 C.F.R. § 30.6.

## COUNTS ONE THROUGH ELEVEN
(Submission of False Export Information)

7. The allegations contained in paragraphs 1 through 6 are re-alleged and incorporated as if fully set forth in this paragraph.

8. On or about and between February 17, 2016 and March 24, 2016, within

the District of Rhode Island and elsewhere, the defendant Carlo FAKHRI, did knowingly and intentionally submit and cause to be submitted false and misleading export information through the AES relating to international shipments of commodities by Company #1 from the United States to Lebanon.

9. On or about the dates set forth below, the defendant Carlo FAKHRI submitted false Ultimate Consignee identification information relating to the following international shipments of commodities by Company #1:

| COUNT | DATE OF FILING | ULTIMATE CONSIGNEE | COUNTRY OF DESTINATION | COMMODITY |
|---|---|---|---|---|
| ONE | 2/17/16 | Fakhry Brothers Trading and Import | Lebanon | 2000 Chevrolet Silverado Base; LS; LT, VIN: 1GCEK19T9YE375905. |
| TWO | 2/22/16 | Fakhry Brothers Trading and Import | Lebanon | Passenger motor vehicle, VIN: 1GDJK34U11E240140. |
| THREE | 3/9/16 | Fakhry Brothers Trading and Import | Lebanon | 2005 Chevrolet Silverado Base LS; LT; Z71, VIN: 1GCEK14X95Z343728. |
| FOUR | 3/9/16 | Fakhry Brothers Trading and Import | Lebanon | 2002 Chevrolet Silverado Base; LS; LT, VIN: 1GCHK23U72F117419. |
| FIVE | 3/9/16 | Fakhry Brothers Trading and Import | Lebanon | 2003 Chevrolet Silverado Base; LS; LT; Work, VIN: 1GCHK29U03E180618. |
| SIX | 3/11/16 | Fakhry Brothers Trading and Import | Lebanon | 2005 Chevrolet Silverado Base; LS; LT; Z71, VIN 2GCEK13T451121587. |
| SEVEN | 3/17/16 | Fakhry Brothers Trading and Import | Lebanon | 2002 Chevrolet Silverado Base; LS; LT, VIN: 2GCEK19T021380838. |
| EIGHT | 3/17/16 | Fakhry Brothers Trading and Import | Lebanon | 2010 Land Rover Range Rover Sport Lux, VIN: SALSK2D4XAA241452. |
| NINE | 3/23/16 | Fakhry Brothers Trading and Import | Lebanon | 2002 Chevrolet Silverado Base; LS; LT, VIN: 1GCHK29U22E247198. |
| TEN | 3/23/16 | Fakhry Brothers Trading and Import | Lebanon | 2008 GMC Sierra SL; SLE; SLT; Work Truck, VIN: 2GTEK19J181269514. |

| COUNT | DATE OF FILING | ULTIMATE CONSIGNEE | COUNTRY OF DESTINATION | COMMODITY |
|---|---|---|---|---|
| ELEVEN | 3/24/16 | Fakhry Brothers Trading and Import | Lebanon | 2000 Chevrolet Silverado Base: LS; LT, VIN: 1GBGK24UXYE307096 |

In violation of 13 U.S.C. § 305(a)(1) and 18 U.S.C. § 3551.

## COUNTS TWELVE THROUGH THIRTY

10. The allegations contained in paragraphs 1 through 9 are re-alleged and incorporated as if fully set forth in this paragraph.

11. On or about and between February 27, 2016 and March 24, 2016, in the District of Rhode Island the defendant, Carlo Fakhri, did willfully and knowingly export and send the following commodities from the United States:

| COUNT | DATE OF EXPORT | COUNTRY OF DESTINATION | COMMODITY |
|---|---|---|---|
| TWELVE | 2/24/16 | Lebanon | 2000 Chevrolet Silverado Base; LS; LT, VIN: 1GCEK19T9YE375905. |
| THIRTEEN | 2/24/16 | Lebanon | 2001 Chevrolet Silverado Base; LS; LT, VIN: 1GCJK39UX1E256219 |
| FOURTEEN | 2/24/16 | Lebanon | 2003 Toyota Tundra SR5, VIN: 5TBBT44193S435636 |
| FIFTEEN | 2/24/16 | Lebanon | 2009 Chevrolet Suburban LT, VIN: 1GNFK26359R189648 |
| SIXTEEN | 2/24/16 | Lebanon | 2009 Toyota Tundra SR5; Grade, VIN: 5TFBT54199X015472 |

| COUNT | DATE OF EXPORT | COUNTRY OF DESTINATION | COMMODITY |
|---|---|---|---|
| SEVENTEEN | 2/24/16 | Lebanon | 2005 GMC Sierra Base; SLE; SLT; Work Truck, VIN: 1GTEK19B35E320935 |
| EIGHTEEN | 2/24/16 | Lebanon | 2010 Chevrolet Suburban LT, VIN: 1GNUKJE32AR181904 |
| NINETEEN | 2/24/16 | Lebanon | 2001 Chevrolet Silverado Base; LS; LT, VIN: 2GCEK19T311402197 |
| TWENTY | 2/24/16 | Lebanon | 2001 Chevrolet Silverado Base; LS; LT, VIN: 1GCEK19VX1E258454 |
| TWENTY-ONE | 3/27/16 | Lebanon | Passenger motor vehicle, VIN: 1GDJK34U11E240140. |
| TWENTY-TWO | 3/27/16 | Lebanon | 2005 Chevrolet Silverado Base LS; LT; Z71, VIN: 1GCEK14X95Z343728. |
| TWENTY-THREE | 3/27/16 | Lebanon | 2002 Chevrolet Silverado Base; LS; LT, VIN: 1GCHK23U72F117419. |
| TWENTY-FOUR | 3/27/16 | Lebanon | 2003 Chevrolet Silverado Base; LS; LT; Work, VIN: 1GCHK29U03E180618. |
| TWENTY-FIVE | 3/27/16 | Lebanon | 2005 Chevrolet Silverado Base; LS; LT; Z71, VIN 2GCEK13T451121587. |

| COUNT | DATE OF EXPORT | COUNTRY OF DESTINATION | COMMODITY |
|---|---|---|---|
| TWENTY-SIX | 3/27/16 | Lebanon | 2002 Chevrolet Silverado Base; LS; LT, VIN: 2GCEK19T021380838. |
| TWENTY-SEVEN | 3/27/16 | Lebanon | 2010 Land Rover Range Rover Sport Lux, VIN: SALSK2D4XAA241452. |
| TWENTY-EIGHT | 3/27/16 | Lebanon | 2002 Chevrolet Silverado Base; LS; LT, VIN: 1GCHK29U22E247198. |
| TWENTY-NINE | 3/27/16 | Lebanon | 2008 GMC Sierra SL; SLE; SLT; Work Truck, VIN: 2GTEK19J181269514. |
| THIRTY | 3/27/16 | Lebanon | 2000 Chevrolet Silverado Base: LS; LT, VIN: 1GBGK24UXYE307096. |

Contrary to 13 U.S.C. § 305(a)(1) and 18 U.S.C. § 3551, a law and regulation of the United States, in violation of 18 U.S.C. § 554.

## CRIMINAL FORFEITURE ALLEGATIONS

12. The United States hereby gives notice to the defendant, Carlo Fakhri, that, upon his conviction of one or more of the False Export Information offenses charged in Counts One through Eleven, the government will seek forfeiture in accordance with 13 U.S.C. § 305(a)(3), which requires any person convicted of such offenses to forfeit: (a) any of that person's interest in, security of, claim against, or property or contractual

7

rights of any kind in the goods or tangible items that were subject of the violations; (b) any of that person's interest in, security of, claim against, or property or contractual rights of any kind in tangible property that was used in the export or attempt to export that was the subject of the violations; and (c) any of that person's property constituting, or derived from, any proceeds obtained directly or indirectly as a result of the violations.

All in accordance with 13 U.S.C. § 305(a)(3).

13.  Upon conviction of one or more of the Smuggling Goods Into the United States offenses alleged in Counts Twelve through Thirty of this Indictment, defendant, Carlo Fakhri, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 554.

All in accordance with 18 U.S.C. § 981(a)(1) as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

14.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

All in accordance with 21 U.S.C. § 853(p).

A TRUE BILL:

███████████

Grand Jury Foreperson

AARON L. WEISMAN
United States Attorney

/s/ Paul F. Daly, Jr.
PAUL F. DALY, JR.
Assistant U.S. Attorney

/s/ Sandra Hebert
SANDRA HEBERT
Assistant U.S. Attorney
Criminal Division Chief

Date: February 12, 2021